| | |
|---|---|
| MICHAEL THOMAS GILL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| NORTH CAROLINA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** comes before the Court upon initial review of the Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 1), filed March 19, 2010.

A review of Petitioner's federal habeas petition reveals that Petitioner has not fully exhausted his state remedies. A prisoner is required to exhaust the remedies available to him in the state courts before he files a writ of habeas corpus in the federal courts. 28 U.S.C. § 2254(b)(1)(A). The United States Supreme Court has held that § 2254's exhaustion requirement requires "state prisoners to give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838 (1999). This "one full opportunity" includes filing petitions for discretionary review when that review is part of the ordinary appellate procedure in the State. Id.

In North Carolina, a petitioner may satisfy § 2254's exhaustion requirement by directly appealing his conviction to the North Carolina Court of Appeals and then petitioning the North

Carolina Supreme Court for discretionary review or by filing a state post-conviction proceeding and petitioning the North Carolina Court of Appeals for a writ of certiorari. See N. C. Gen. Stat. § 7A-31; N.C. Gen. Stat. § 15A-1422.

In his Petition for a Writ of Habeas Corpus, Petitioner indicates that he did not directly appeal his case to the North Carolina Court of Appeals. Petitioner thus did not fully exhaust his state court remedies through the direct appeal process. With regard to the state collateral review process, Petitioner indicates on his petition form that he filed a Motion for Appropriate Relief (MAR). He does not indicate, however, that he appealed the denial of his MAR to the North Carolina Court of Appeals by filing a writ of certiorari. Consequently, based upon the evidence provided to the Court by the Petitioner himself, the Court concludes that Petitioner has failed to fully exhaust his state court remedies through the state post-conviction process. As such, Petitioner has failed to fully exhaust his state court remedies and his federal habeas petition must be dismissed

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED** without prejudice for failure to exhaust; and

2. It is further ordered that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner

<mark>
</mark>

must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong)(citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

Signed: March 19, 2010

Graham C. Mullen
United States District Judge